WHITEHURST & CAWLEY, L.L.P.
David W. Whitehurst (TX Bar No. 21357000)
16300 Addison Rd., Ste. 100
Addison, Texas  75001
Telephone: (972) 503-5455
Email: dwhitehurst@whitehurstlaw.com

FENNEMORE CRAIG, P.C.
John Pearce (AZ No. 012300) (*pro hac vice to be submitted*)
Todd Kartchner (AZ No. 021857) (*pro hac vice to be submitted*)
David A. Timchak (AZ No. 032095) (*pro hac vice to be submitted*)
2394 East Camelback Road, Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email:  jpearce@fclaw.com
Email:  tkartchner@fclaw.com
Email:  dtimchak@fclaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF TEXAS

# SAN ANTONIO DIVISION

| | |
|---|---|
| CIRCLE K STORES, INC., a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHAWCOR LTD., a Canadian company, and BLACKBURN CONSTRUCTION, INC., a Mississippi corporation,<br><br>Defendant. | **Case No. 5:20-cv-983**<br><br>**(Breach of Contract, Breach of Warranty, Breach of Indemnity)** |

Plaintiff, Circle K Stores, Inc., for its Complaint against Shawcor Ltd. and Blackburn Construction, Inc. hereby states and alleges as follows:

. . .

## PARTIES

1. Plaintiff Circle K Stores, Inc. acquired CST Services, LLC, CST Canada Co., and related CST entities including N21 One, LLC (collectively referred to herein as "Circle K"). Circle K Stores, Inc., is a Texas corporation with a principal place of business in Arizona.

2. Upon information and belief, Defendant Shawcor Ltd. is a Canadian company with its headquarters in Toronto, Ontario. Shawcor Ltd. is the successor in interest to Xerxes Corporation, a ZCL Company (collectively referred to herein as "Xerxes").

3. Upon information and belief, Defendant Blackburn Construction, Inc., is a Mississippi corporation with its principal place of business in Mississippi. Blackburn Construction, Inc. is the successor in interest to R.J. Allen & Associates, Inc. (collectively referred to herein as "R.J. Allen").

## JURISDICTION & VENUE

4. As will be described in more detail herein, this action seeks over $300,000.00 in damages and arises out of Defendants' breaches related to fuel storage tanks installed in San Antonio, Texas.

5. This Court has personal jurisdiction over the Defendants.

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), because there is diversity of citizenship and the matter in controversy exceeds $75,000.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise Plaintiff's claims occurred in this District, and furthermore the agreements that are a substantial basis for this action specify that the matter shall be subject to and governed by the laws of the State of Texas.

## FACTUAL BACKGROUND

8. Circle K and Xerxes entered a contract entitled Products and Services

Purchasing Agreement ("Purchase Agreement"), dated May 9, 2014, and extended by an amendment ("First Amendment") dated November 1, 2017.

9. Page 2 of the Purchase Agreement specifies that the parties' "Agreement" consists of "(i) this page; (ii) the general Terms for Purchasing, including any written Amendments thereto; (iii) the Supplemental Terms of Agreement; (iv) Appendix A attached hereto and, (v) all purchase orders issued hereunder".

10. Via a collective purchase order made pursuant to the Purchase Agreement (the "Purchase Order") Circle K purchased a 30,000 gallon capacity underground storage tank ("30K Tank") and a 20,000 gallon capacity tank (the "20K Tank") from their manufacturer, Xerxes.

11. The written Terms and Conditions which accompanied and were incorporated into every Purchase Order, including the one at issue, specifies, among other things, the following warranties, indemnities, and agreements:

> Seller expressly warrants that all articles, materials and work ("Items") covered by or furnished pursuant to this Purchase Order ("Order") will conform to the specifications, drawings, samples and other description furnished or adopted by Purchaser, will be fit and sufficient for the purchase intended, merchantable, of good material and workmanship, free from defect and all Items furnished pursuant to this Order will be delivered free of all liens or claims of any nature and that Seller has good title to same. All Items received by Purchaser will be subject to Purchaser's inspection and rejection and rejected Items may be returned at Seller's risk and expense. The mere receipt of and/or payment for the Items covered by this Order will not be taken as an admission that Items meet the above requirements, but a reasonable time will be allowed for Purchaser to make such determination. Purchaser may reject Items at a later time when it may be determined by usage that any item does not comply with the above requirements.

[*See* Terms and Conditions at paragraph 1].

> SELLER AGREES THAT IT WILL, AT SELLER'S COST AND EXPENSE, WITHOUT REGARD TO WHETHER THE ITEMS HEREIN DESCRIBED CONFORM TO SPECIFICATIONS FURNISHED BY OR FOR PURCHASER, DEFEND, INDEMNIFY AND HOLD HARMLESS PURCHASER AND PURCHASER'S PARENT, SUBSIDIARIES AND ALL OTHER AFFILIATED COMPANIES. THEIR DIRECTORS, OFFICERS, EMPLOYEES AND AGENTS ("INDEMNIFIED PARTIES") FROM AND AGAINST ALL PRESENT AND FUTURE LOSS, COST, DAMAGES, CLAIMS, DEMANDS, ACTIONS. PROCEEDINGS AND

| | |
|---|---|
| 1 | LITIGATION ARISING FROM . . .(C) PERSONAL INJURY TO OR DEATH OF ANY PERSON OR ANIMAL OR DAMAGE TO ANY PROPERTY WHATSOEVER CAUSED BY, RESULTING FROM OR OCCURRING IN CONNECTION WITH OR ARISING OUT OF SELLER'S PERFORMANCE HEREUNDER OR THE USE OF SAID ITEMS BY SELLER OR ANY WORK PERFORMED BY SELLER ON THE INDEMNIFIED PARTIES' PREMISES. IT IS THE INTENTION OF THE PARTIES THAT THE INDEMNITY OBLIGATIONS OF SELLER ARE WITHOUT REGARD TO WHETHER THE STRICT LIABILITY, FAULT, CONCURRENT OR CONTRIBUTORY NEGLIGENCE OF THE INDEMNIFIED PARTIES IS A FACTOR AND SUCH OBLIGATIONS ARE INTENDED TO PROTECT THE INDEMNIFIED PARTIES AGAINST THE CONSEQUENCES OF THEIR OWN STRICT LIABILITY, FAULTS, CONCURRENT OR CONTRIBUTORY NEGLIGENCE. ONLY THOSE MATTERS WHICH ARE DETERMINED TO BE A RESULT OF THE SOLE NEGLIGENCE OR FAULT OF THE INDEMNIFIED PARTIES NOT CAUSED OR CONTRIBUTED TO BY THE NEGLIGENCE OR FAULT OF SELLER, ITS EMPLOYEES AND AGENTS, OR OTHER THIRD PARTIES, SHALL BE EXCLUDED FROM SELLER'S OBLIGATIONS TO INDEMNIFY. |

[*See* Terms and Conditions at paragraph 8].

> This Order shall be governed by the Uniform Commercial Code (as adopted in Texas) where not in conflict or variance in the above Terms and Conditions, and Seller and Purchaser shall have. all. remedies afforded by such Uniform Commercial Code. THIS AGREEMENT AND ALL RIGHTS AND LIABILITIES OF THE PARTIES HERETO SHALL BE SUBJECT TO AND GOVERNED BY THE LAWS OF THE STATE OF TEXAS, EXCLUSIVE OF ANY CONFLICT- OF-LAWS RULES. OR PRINCIPALS WHICH MAY REFER THE LAWS OF THE STATE OF TEXAS TO THE LAWS OF OTHER JURISDICTIONS. The Terms and Conditions of this Order shall control over any terms and conditions of any documentation submitted by Seller that varies with or conflicts with this Order No agreement or other understanding in any way modifying the conditions of this Order will be binding on Purchaser unless made in writing and approval by Purchaser in writing. Unless Seller promptly notifies Purchaser (not more than 3 days from receipt of the Order) of Seller's refusal all or a portion of these terms and conditions as set forth herein and on the face of the Order. Seller will be deemed to have accepted Purchaser's offer as set forth above and on the face of the Order.

[*See* Terms and Conditions at paragraph 13].

12. The Agreement also includes a warranty, which expressly provides that the Tanks "will not fail for a period of thirty (30) years from date of original delivery by Xerxes due to structural failure (defined as spontaneous breaking or collapse caused by material defects in materials or workmanship)."

13. The indemnity that is part of the Agreement expressly survives the termination of the Agreement between Xerxes and Circle K, and is broadly worded.

13. N21 One, LLC retained R.J. Allen to serve as the general contractor for installing the 30K Tank and the 20K Tank (collectively, the "Tanks") at a Circle K store located at 13907 SW Loop 410, San Antonio, Texas 78224 (the "Store").

14. R.J. Allen, along with its installation subcontractor, Prestige Tank and Pump Services, Inc. ("Prestige"), set the Tanks at the Store.

15. Pursuant to the terms of R.J. Allen's Contract with Circle K (the "Contract"), which extended to a broader relationship, R.J. Allen is "solely responsible for its employees, subcontractors, agents, and representatives". Therefore, any action or inaction taken by a subcontractor (such as Prestige) on this job is no excuse or defense for R.J. Allen's performance.

16. Section 9.10 of the Contact states that "tests, inspections and approvals of portions of the Work required by the Contact Documents or by laws, ordinances, rules, regulations, or orders of public authorities having jurisdiction should be made at an appropriate time." Such inspections and tests are to be at the sole expense of R.J. Allen.

17. Section 10.4 of the Contract indicates that when Circle K notified R.J. Allen of the defect and nonconformity of the "Work" at issue R.J. Allen was under an obligation to "promptly correct such defect or nonconformity at [R.J. Allen's] cost and expense."

18. Moreover, the Contract includes an indemnity which protects Circle K from any "loss of property" arising directly or indirectly out of the acts or omissions of R.J. Allen. [*See* Contract Section 11.6].

19. In September 2016, due to issues raised by interstitial alarms, the 30K Tank was emptied, inspected, and it was determined that there were significant issues with the integrity of the 30K Tank that were beyond repair.

. . .

. . .

## COUNT I
### (BREACH OF CONTRACT/WARRANTIES/INDEMNIFICATION – XERXES)

20. Plaintiff incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

21. As referenced above, the Purchase Order was made under the umbrella Purchase Agreement.

22. The Purchase Order and umbrella Purchase Agreement are valid and enforceable contractual agreements between Circle K and Xerxes.

23. Xerxes has breached these agreements as well as the warranties and indemnification contained therein (*see* ¶ 11 *supra*) by, amongst other things, failing to correct or compensate Circle K for the damages it has incurred due to the significant issues with the integrity of the 30K Tank that are beyond repair.

24. Xerxes is liable for the consequential damages sustained due to Circle K's inability to utilize the 30K Tank including but not limited to loss of sales, damages to customer and supplier relationships, and indirect costs arising from Xerxes' breach of contract.

25. As a direct and proximate result of these breaches Circle K has been damaged in an amount to be proven at trial but in no event less than $300,000.00.

26. Because this action arises out of contract Circle K is entitled to its attorneys' fees pursuant to Chapter 38.001 of the Tex.Civ.Prac. & Rem. Code.

## COUNT II
### (BREACH OF CONTRACT/WARRANTIES/INDEMNIFICATION – R.J. ALLEN)

27. Plaintiff incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

FENNEMORE CRAIG, P.C.
PHOENIX

16127345/010609.0131

28. As referenced above, the Contract is a valid and enforceable contractual agreement between Circle K and R.J. Allen.

29. R.J. Allen has breached these agreements as well as the warranties and indemnification contained therein (*see* ¶¶ 14 – 18 *supra*) by, amongst other things, failing to correct or compensate Circle K for the damages it has incurred due to the significant issues with the integrity of the 30K Tank that are beyond repair.

30. R.J. Allen is liable for the consequential damages sustained due to Circle K's inability to utilize the 30K Tank including but not limited to loss of sales, damages to customer and supplier relationships, and indirect costs arising from R.J. Allen's breach of contract.

31. As a direct and proximate result of these breaches Circle K has been damaged in an amount to be proven at trial but in no event less than $300,000.00.

32. Because this action arises out of contract Circle K is entitled to its attorneys' fees pursuant to Chapter 38.001 of the Tex.Civ.Prac. & Rem. Code.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in their favor and against Defendants as follows:

A. Judgment against Defendants in an amount to be proven at trial but in no event less than $300,000.00;

B. Pre- and Post-judgment interest at the highest legal rate;

C. An award of the Plaintiff's costs and attorneys' fees under any and all applicable law, including but not limited to Section 38.001 of the Tex.Civ.Prac. & Rem. Code; and

D. Such other relief as the Court deems just and proper.

. . .

. . .

. . .

**DATED** this 20th day of August, 2020.

Respectfully submitted,

*/s/ David W. Whitehurst*
David W. Whitehurst
State Bar No. 21357000
dwhitehurst@whitehurstlaw.com
WHITEHURST & CAWLEY, L.L.P.
16300 Addison Road, Suite 100
Addison, Texas 75001
(972) 503-5455 Telephone
(972) 503-6155 Facsimile

AND

John Pearce (AZ No. 012300) (*pro hac vice to be submitted*)
Todd Kartchner (AZ No. 021857) (*pro hac vice to be submitted*)
David A. Timchak (AZ No. 032095) (*pro hac vice to be submitted*)
FENNEMORE CRAIG, P.C.
2394 East Camelback Road, Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email:  jpearce@fclaw.com
Email:  tkartchner@fclaw.com
Email:  dtimchak@fclaw.com

Attorneys for Plaintiffs